UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNIE JACKSON,

       Plaintiff,

         v.

Case No. 21-12981

Hon. George Caram Steeh

WELLS FARGO and
JLOD INVESTMENT LLC,

       Defendants.
_____/

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (ECF NO. 13)

     Plaintiff Lennie Jackson challenges a foreclosure sale that occurred in 2006. Due to the significant passage of time since the sale, Plaintiff's complaint is time barred and must be dismissed.

BACKGROUND FACTS

     Appearing pro se, Plaintiff filed this action in state court on October 12, 2021, and Defendant Wells Fargo timely removed it to this court on December 21, 2021.[1] Plaintiff's complaint alleges a wrongful foreclosure with respect to property located at 10150 Beaconsfield in Detroit and seeks

---

[1] Defendant Jlod Investment LLC (believed to be Jelod Invest LLC) has not appeared and there is no certificate of service in the record indicating that it was served with the summons and complaint. "Wells Fargo" is Wells Fargo Bank, N.A. Trustee Pooling and Servicing Agreement Dated as of May 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ3.

to quiet title. Plaintiff borrowed $91,800 in 2004, which was secured by a mortgage on the Beaconsfield property. *See* ECF No. 13-2. In 2005, the mortgage was assigned to Wells Fargo. Plaintiff defaulted on the loan and Wells Fargo foreclosed by advertisement. A sheriff's sale was held on November 2, 2006, and Wells Fargo was the highest bidder. ECF No. 13-4. Plaintiff had until May 2, 2007, to redeem the property, but he did not do so. Wells Fargo asserts that it no longer owns the property and believes that it is currently owned by co-defendant Jelod Invest LLC (incorrectly named as Jlod Investments LLC).

Plaintiff argues that he did not receive notice of the foreclosure sale as was his contractual right under the mortgage, and that due process required Wells Fargo to proceed with a judicial foreclosure rather than foreclosure by advertisement. Plaintiff alleges that the foreclosure sale is void; he seeks damages and to have the foreclosure sale set aside.

<u>LAW AND ANALYSIS</u>

I.    <u>Subject Matter Jurisdiction</u>

As a threshold matter, Plaintiff objects to Wells Fargo's notice of removal and challenges this court's subject matter jurisdiction. Wells Fargo contends that jurisdiction is based upon federal question (in light of Plaintiff's due process claim) as well as diversity of citizenship. Wells Fargo

alleges that Plaintiff is a citizen of Michigan, Wells Fargo is a citizen of South Dakota, and Jelod is a citizen of Florida. Plaintiff does not present facts disputing the citizenship of the parties. Wells Fargo also asserts that the amount in controversy is in excess of $75,000, in light of the following: (1) the loan in question was for $91,800; (2) Wells Fargo purchased the subject property for $101,303.55 at the sheriff's sale; and (3) Plaintiff sought $750,000 in punitive damages in his complaint.[2]

The parties are of completely diverse citizenship and the amount in controversy is in excess of $75,000. *See* 28 U.S.C. § 1332. Accordingly, the court is satisfied of its subject matter jurisdiction and that removal was proper. The court will deny Plaintiff's motions to dismiss or remand. (ECF Nos. 7, 9, 11).

II.   Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation

---

[2] Perhaps in an attempt to defeat diversity, Plaintiff's amended petition prays for damages in the amount of $74,500. However, the court assesses jurisdiction at the time of removal. "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citation omitted). In any event, the value of the loan at issue clearly exceeds $75,000.

-3-

of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An "unadorned, the defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the court may consider documents attached or referred to in the complaint as well as public documents. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). Here, the court may consider the mortgage documents and sheriff's deed without converting the motion to dismiss to a motion for summary judgment. *See Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 WL 3600342, at *4 (E.D. Mich. Aug. 21, 2012), *aff'd*, 538 Fed. Appx. 708 (6th Cir. 2013) (considering mortgage, note, and sheriff's deed on a motion to dismiss).

III.    Finality of Foreclosure Sale

Wells Fargo foreclosed upon the Beaconsfield property by advertisement, a non-judicial process that is governed by statute under Michigan law. *See* M.C.L. § 600.3204; *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). The statute provides that notice of the foreclosure must be given through newspaper publication and posting on the premises. M.C.L. §§ 600.3208, 600.3212. After the sheriff's sale is held, the mortgagor has six months to redeem, or buy back, the property. M.C.L. § 600.3240(8). Once the six-month redemption period expires, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Conlin*, 714 F.3d at 359 (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942)); M.C.L. § 600.3236.

This foreclosure-by-advertisement scheme was intended to "impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties." *Conlin*, 714 F.3d at 359. In accordance with this interest in finality, "the ability for a court to set aside a sheriff's sale has been drastically circumscribed." *Id.*  Once the six-month redemption period has expired, a mortgagor must make a "clear showing of fraud, or irregularity" related to the foreclosure procedure itself. *Id.* In

addition, parties seeking to set aside a foreclosure sale "must show that they were prejudiced by defendant's failure to comply with [the foreclosure-by-advertisement statute]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329 (2012).

Also consistent with the desire for finality, "an action challenging foreclosure must be brought 'promptly and without delay.'" *El-Seblani v. IndyMac Mortg. Servs.*, 510 Fed. Appx. 425, 429 (6th Cir. 2013) (quoting *Richard v. Schneiderman & Sherman, P.C.*, 818 N.W.2d 334, 337 (Mich. App. 2011), *rev'd on other grounds*, 807 N.W.2d 325 (Mich. 2012)). Although this time frame may vary, courts have considered "two years or even less after a sale" to be too much of a delay to afford relief. *United States v. Garno*, 974 F. Supp. 628, 633-34 (E.D. Mich. 1997). *See also In re First Mortg. Fund, Inc.*, 498 B.R. 180, 184 (E.D. Mich. 2013) ("[U]nder Michigan law, three years is too long to wait."). Additionally, "the validity of a foreclosure by advertisement may not be challenged after the property is sold to a bona fide purchaser." *Id.* (citing *Hogan v. Hester Investment Co.*, 257 Mich. 627, 241 N.W. 881 (1932)).

The preceding legal authority presents Plaintiff with several insurmountable barriers to relief. Regardless of the merits of his claim, he is attempting to challenge a foreclosure sale that occurred fifteen years ago. Plaintiff does not provide an explanation for his lack of diligence. Such a belated challenge cannot serve to equitably extend the redemption period or set aside the sale. Further, Wells Fargo no longer owns the property, which is allegedly owned by co-defendant Jelod, presumably a bona fide purchaser.

Plaintiff suggests that the fifteen-year statute of limitations for quiet title claims applies here. *See* M.C.L. § 600.5801(4). This statute does not apply to claims challenging a foreclosure sale, however. *Letvin v. Lew*, 626 Fed. Appx. 575, 578 (6th Cir. 2015); *Hines-Flagg v. First Franklin*, No. 12-12663, 2012 WL 4514443, at *4 (E.D. Mich. Oct. 2, 2012). Rather, the above authority provides that a challenge to a foreclosure sale must be brought promptly. Courts have rejected the argument, based upon M.C.L. § 600.5801(1), that a plaintiff has up to five years to challenge a foreclosure sale. *Id.* There is no case law suggesting that an even longer fifteen-year statute of limitations applies to this factual scenario.

Even if his claim were timely, Plaintiff has not alleged fraud or an irregularity with respect to the foreclosure sale process. He argues that he

-7-

was entitled to receive notice of the proceedings in the form of a summons and complaint, or personal notice to his home address. The foreclosure by advertisement statute requires neither, however. *See Deming-Anderson v. PNC Mortg.*, 119 F. Supp.3d 635, 642 (E.D. Mich. 2015) (statute "makes no reference" to requirement to notify mortgagor in writing of foreclosure). Rather, the statute requires notice in the form of publication and posting. M.C.L. § 600.3208. These requirements were fulfilled, as evidenced by the affidavits of publication and posting attached to the sheriff's deed. ECF No. 4-1. Contrary to Plaintiff's argument, the statutory notice requirement "fulfills the principles of due process under both common law and Supreme Court case law." *Rush v. Freddie Mac*, 792 F.3d 600, 606 (6th Cir. 2015); *Hebeler v. Wells Fargo Bank, N.A.*, 380 F. Supp.3d 684, 687 (W.D. Mich. 2019) ("personal service" of foreclosure proceedings not required under Michigan foreclosure-by-advertisement statute). The alleged lack of personal notice, therefore, is not an irregularity and would not justify setting aside a foreclosure sale.[3]

---

[3] To the extent Plaintiff argues that Wells Fargo breached a contractual duty to provide him with personal notice, such a claim does not rise to the level of fraud or irregularity that would render the sale void or voidable.

-8-

<u>CONCLUSION</u>

Michigan law favors finality in foreclosure proceedings, which would not be served by allowing a challenge to a foreclosure sale fifteen years after the fact and contrary to the rights of a bona fide purchaser. Accordingly, IT IS HEREBY ORDERED that Defendant's amended motion to dismiss (ECF Nos. 13) is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE. Defendant's original motion to dismiss (ECF No. 4) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's motions (ECF Nos. 7, 9, 11, 17) are DENIED.

Dated: February 3, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 3, 2022, by electronic and/or ordinary mail and also on Lennie Jackson, 19226 Yacama St., Detroit, MI 48209.

s/Brianna Sauve
Deputy Clerk